# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL HENRY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0456-WS-M |
| | ) |
| COMCAST CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Two defendants removed this action on the basis of diversity of citizenship. (Doc. 1). The Court reviewed the defendants' evidence and determined that it reflects complete diversity of citizenship. However, after noticing that the *pro se* plaintiff's state complaint asserts that "removal to the federal courts is improper" because he has sued multiple (unidentified) Alabama citizens, (Doc. 1-1 at 12), the Court ordered the plaintiff to submit whatever briefing and/or evidentiary material he believed appropriate and adequate to draw into question the defendants' showing of diversity jurisdiction, with the defendants provided an opportunity for response. (Doc. 8). The parties have complied, (Docs. 9-10, 12-13),[1] and the threshold issue of the Court's subject matter jurisdiction is ripe for resolution.[2]

---

[1] The motion to file supplemental evidentiary materials, (Doc. 13), is **granted**. The plaintiff's "traverse," (Doc. 14), which was filed without request or permission four days after the Court took the matter under submission (and after the Court had drafted this order), is **stricken** as unapproved and untimely. The Court nonetheless has reviewed the filing, and nothing therein could alter the Court's jurisdictional inquiry or conclusion.

[2] The plaintiff's petition to toll, (Doc. 11), which the Court construes as a motion to postpone briefing on, and consideration of, the pending motions to dismiss, is **denied as moot**. The Court has already notified the parties that, "[b]ecause confirmation of the Court's subject matter jurisdiction is a necessary antecedent to its consideration of any other matter, the Court will issue a briefing schedule regarding the pending motions to dismiss, (Docs. 6, 7), only if it determines that it possesses subject matter jurisdiction." (Doc. 8 at 2 n.2).

"[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013); *accord Adventure Outdoors, Inc. v. Blomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). "The party commencing suit in federal court … has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010); *accord McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction.").

The two essential elements of removal jurisdiction in a diversity case are: (1) an amount in controversy exceeding $75,000, exclusive of interest and costs; and (2) complete diversity of citizenship between the plaintiffs and the defendants. 28 U.S.C. §§ 1332(a)(1), 1441(a); *Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287* (11th Cir. 998). The complaint expressly demands damages of $5 million, which easily satisfies the amount-in-controversy requirement; the plaintiff does not argue otherwise. Thus, the only question presented is whether the defendants have adequately demonstrated complete diversity of citizenship. Because the parties agree, and the record establishes, that the plaintiff is a citizen of Alabama, (Doc. 1 at 1; Doc. 1-1 at 12, 25), the issue is whether the defendants have shown by a preponderance of the evidence that none of them are citizens of Alabama.

The complaint names eight defendants, including corporations,[3] limited liability companies ("LLCs"),[4] and individuals.[5] The complaint also describes two

---

[3] Comcast Corporation; Comcast Corporation Mobile Alabama; Liberty Mutual Insurance Company; and Xfinity, Inc.

[4] Comcast Cable Communications, LLC and Helmsman Management Services, LLC.

fictitious defendants. (Doc. 1-1 at 6). For purposes of gauging diversity jurisdiction, a corporation is a citizen of any state in which it is incorporated and also of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). For diversity purposes, an LLC is a citizen of any state of which any of its members is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).[6] For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. *McCormick*, 293 F.3d at 1257-58. For diversity purposes, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). And for purposes of diversity, non-existent defendants are ignored. *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1469-70 (11th Cir. 1986).

The defendants have presented evidence as to the citizenship of each named defendant, in the form of declarations from individuals claiming, and in a position to possess, personal knowledge of the facts declared. This evidence demonstrates: that Comcast Corporation was incorporated in Pennsylvania and maintains its principal place of business in that state; that Liberty Mutual Insurance Company was incorporated in Massachusetts and maintains its principal place of business in that state; that the sole member of Comcast Communications, LLC is Comcast Holdings Corporation, which was incorporated in Pennsylvania and which maintains its principal place of business in that state; that the sole member of Helmsman Management Services LLC is Liberty Corporate Services LLC, the sole member of which is Liberty Mutual Group Inc., which was incorporated in

---

[5] Joy Howard and Brian L. Roberts.

[6] When a member of an unincorporated entity is itself an unincorporated entity, the party invoking federal jurisdiction must identify the citizenship of each such member, and so on, until the ultimate citizenship of the defendant is demonstrated. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("[I]t is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC.").

Massachusetts and which maintains its principal business in that state; that Joy Howard is and was domiciled in Georgia; that Brian L. Roberts is and was domiciled in Pennsylvania; and that neither Comcast Corporation Mobile Alabama nor Xfinity, Inc. exists. (Doc. 1-2 at 2; Doc. 1-3 at 2-3; Doc. 12-1 at 2; Doc. 13-1 at 4).

The plaintiff, though invited to do so, has presented no evidence regarding the citizenship of any defendant. He apparently believes that the defendants rely only on "conclusory statements" insufficient to shift to him any obligation to present such evidence. (Doc. 10 at 2). The plaintiff is mistaken. As noted, the defendants have offered evidence, not simply their lawyers' assertions, regarding citizenship. Because the plaintiff identifies no countering evidence, the defendants' evidence necessarily constitutes a preponderance and fully satisfies their burden to demonstrate diverse citizenship by a preponderance of the evidence.[7]

As to the non-existent defendants, the plaintiff dismisses the defendants' evidence as "shallow plays on punctuation and wording." (Doc. 9 at 11). He does not explain this sentiment, but the Court construes it as suggesting that the plaintiff intended to sue real entities bearing names so closely resembling the names he has used that the defendants should have understood which real entities he is suing and should have addressed their citizenship. Assuming without deciding that this would be a legally defensible argument, the plaintiff has not identified any real entity he intended to sue in place of the non-existent ones he named, much less shown that the names he employed put the defendants on notice of his intent. Quite the contrary. The complaint identifies Comcast Cable Communications,

---

[7] The plaintiff's "petition" to "modify, set aside or amend the order … directing the plaintiff to prove diversity [sic]," (Doc. 10), construed as a motion for such relief, is **denied**, since the Court entered no such order. Rather, the Court reviewed the defendants' evidence, concluded it met their burden of establishing jurisdiction, and provided the plaintiff an opportunity to challenge this showing with argument and/or evidence. (Doc. 8).

4

LLC as "doing business as Xfinity," (Doc. 1-1 at 22), and a business name of an entity is not itself a separate legal entity. *E.g., Mastro v. Seminole Tribe*, 578 Fed. Appx. 801, 803 (11th Cir. 2014); *accord Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 634 n.2 (4th Cir. 2002) (citing cases); *see also Hughes v. Cox*, 601 So. 2d 465, 472 (Ala. 1992) (discussing with approval Georgia cases to like effect).

As to the fictitious defendants, the plaintiff insists that federal practice permits fictitious party pleading when the unnamed defendant is so precisely described that including his name would be mere surplusage. (Doc. 9 at 11). Because the complaint describes the fictitious defendants as "two Comcast area supervisers [sic]" that intimidated the plaintiff at his home, and because it describes their physical appearance, (Doc. 1-1 at 6, 7, 24), the plaintiff concludes this standard is met and that the defendants consequently were required to allege the citizenship of these defendants. (Doc. 9 at 6, 9, 10). As noted above, however, by statute the citizenship of fictitious defendants "shall be disregarded." 28 U.S.C. § 1441(b)(1). This is true even when the fictitious defendants "likely" share the plaintiff's citizenship. *Walker v. CSX Transportation Inc.*, 650 F.3d 1392, 1395 n.11 (11th Cir. 2011). Despite the plaintiff's confidence that the fictitious defendants are citizens of Alabama, they are legally irrelevant to the jurisdictional inquiry.[8]

The foregoing discussion is sufficient to resolve the jurisdictional issue. Before closing, however, the Court must address the tone of the plaintiff's filings. The plaintiff repeatedly accuses the defendants and their counsel of "fraud on the court," "falsehoods," "lying," "intentionally misquoting the pleadings,"

---

[8] The plaintiff finds this exercise pointless because, he says, he will determine the identity of the fictitious defendants in discovery and then amend the complaint to name them, thereby (he assumes) destroying diversity. (Doc. 10 at 3). The Court will not speculate on what may occur in the future or on the legal permissibility of the plaintiff's proposed course; its present task is to determine if diversity jurisdiction existed when the case was removed from state court.

participating in a "sham and a vexatious act," presenting "intentionally fraudulent and misleading pleadings," acting in "bad faith," committing "carefully orchestrated fraud," telling an "absolute lie," and making "misrepresentations" both "flagrant" and "stupi[d]." (Doc. 9 at 2, 9, 10, 12; Doc. 10 at 3, 7; Doc. 14 at 2, 3, 4, 9, 10 ). Never mind that the plaintiff's fusillade is completely off base, dependent as it is on his own erroneous understanding of the facts and the law. Attacks such as those flung so freely by the plaintiff are not permitted in this forum, and any future filing – other than a properly supported Rule 11 motion – employing such histrionics may be summarily stricken without leave to refile.

More generally, all litigants, including those representing themselves, "shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil … Procedure, unless otherwise excused by Court order." General Local Rule 83.5(a). "[B]oth the Supreme Court and [the Eleventh Circuit] have concluded that a [litigant's] pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Nelson v. Barden*, 145 Fed. Appx. 303, 311 n.10 (11th Cir. 2005); *accord Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[W]e … have required [pro se litigants] to conform to procedural rules.") (internal quotes omitted). The plaintiff is cautioned to familiarize himself with, and to follow, the applicable rules.

For the reasons set forth above, the Court is satisfied that it possesses subject matter jurisdiction over this action. The Court therefore may proceed to other business. The plaintiff is **ordered** to file and serve his response to the defendants' pending motions to dismiss, (Doc. 6, 7), on or before **November 30, 2017**. The movants are **ordered** to file and serve any reply on or before **December 7, 2017**. The Court will take the motions to dismiss under submission on December 7, 2017.

DONE and ORDERED this 16th day of November, 2017.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE