## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL HENRY SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION 17-0456-WS-M** |
| | ) |
| **COMCAST CORPORATION, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on the motion of defendant Comcast Cable Communications, LLC ("Cable") to dismiss. (Doc. 62). The plaintiff declined the opportunity to respond, (Doc. 63), and the motion is ripe for resolution.[1] After careful consideration, the Court concludes the motion is due to be granted.

## BACKGROUND

The background of this case is provided in previous orders. (Docs. 15, 34, 93).

## DISCUSSION

Cable raises both a Rule 12(b)(2) argument that the Court lacks personal jurisdiction over it and a Rule 12(b)(6) argument that the amended complaint, (Doc. 40), fails to state a claim on which relief can be granted.

.

## I. Personal Jurisdiction.

Cable's argument and evidence is virtually identical to that offered by co-defendant Comcast Corporation ("Comcast") in support of its motion to dismiss, and it is

---

[1] The plaintiff's failure to respond does not work an abandonment of his claims or relieve Cable of its burden to demonstrate that dismissal is legally warranted. *Gailes v. Marengo County Sheriff's Department*, 916 F. Supp. 2d 1238, 1243-44 (S.D. Ala. 2013).

fatally flawed for the same reasons discussed in the Court's order on Comcast's motion ("the Comcast order"). (Doc. 94 at 1-6). For those reasons and others,[2] Cable's motion to dismiss for lack of personal jurisdiction is due to be denied.

## II. Failure to State a Claim.

As set forth in the Helmsman order, (Doc. 93 at 3), the amended complaint asserts the following causes of action:

- Count I       Intentional infliction of emotional distress
- Count II      Fraudulent removal
- Count III     Fraudulent concealment
- Count IV     Fraud/misrepresentation
- Count V       Willfully negligent hiring, training and supervision
- Count VI     Fraudulent billing
- Count VII    Intentional infliction of emotional distress
- Count VIII   Fraudulent falsification of records

Cable assumes it is a defendant under all eight counts. (Doc. 62 at 9-10). It argues as a universal matter that, because it is a limited liability company "comprised of only a holding company," it "is incapable of engaging in any activity or conduct." (*Id.* at

---

[2] Unlike the evidence offered by Comcast, Cable's evidence is inadequate to reflect an absence of general jurisdiction. Cable's evidence identifies Cable as a Delaware limited liability company, but it does not address Cable's principal place of business; instead, it provides only the principal place of business of Cable's sole member – information that neither identifies Cable's principal place of business nor denies that Cable has a principal place of business. Cable has thus failed to trigger the presumption that general jurisdiction exists in a state other than that of incorporation or principal place of business only in exceptional circumstances. *Carmouche v. Tamborlee Management, Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015).

10).  That would appear to be *non sequitur*,[3] but in any event it depends on evidence outside the complaint, which is not permissible under Rule 12(b)(6).[4]

### A.  Intentional Infliction of Emotional Distress.

Count I alleges that the defendants "set out to cause me such anguish, stress so to impair my abilities to seek redress," specifically by "send[ing] two men [the fictitious defendants] to my home to physically intimidate me."  (Doc. 40 at 4).

Cable argues that the amended complaint fails to allege conduct that is outrageous in character and extreme in degree as required by Alabama law to state a claim for outrage.  (Doc. 62 at 12).  For reasons stated in the Comcast order, (Doc. 94 at 7-10), the Court agrees.  For those reasons, Cable's motion to dismiss Count I as to it is due to be granted.

### B.  Fraudulent Removal.

Count Two alleges that all defendants agreed to hide the identities of the fictitious defendants from the plaintiff so as to remove this action to federal court, all as part of their plan to deny the plaintiff just compensation.  (Doc. 40 at 4).  The plaintiff considers this a "fraud upon the Court."  (*Id*. at 18, 19, 21, 22).

Cable argues that Count II fails to state a claim on which relief can be granted. (Doc. 62 at 10).  For reasons stated in the Helmsman order, (Doc. 93 at 5-8),[5] the Court

---

[3] The ownership of Cable says nothing about the activity or conduct in which Cable can or does engage, any more than does the ownership of any artificial entity.

[4] Nor does Cable's evidence support the proposition that Cable is "comprised of" a holding company, under the ordinary meaning of that term as being composed of, containing or constituting.  American Heritage Dictionary 379 (5th ed. 2011).  Cable may be owned by a holding company (its only member), (Doc. 1-2 at 2), but it is not thereby rendered the same thing as the holding company.

[5] Cable adopts and incorporates all arguments raised by the Helmsman defendants.  (Doc. 62 at 14 n.1).

agrees.  For those reasons, Cable's motion to dismiss Count II as to it is due to be granted.

### C.  Fraudulent Concealment.

Count III is a variation on Count II.  While Count II asserts fraud in the removal itself, Count III alleges that, post-removal, the defendants have proactively concealed the identities of the fictitious defendants, including by cautioning present and former employees not to reveal who the fictitious defendants are.  (Doc. 40 at 5).

Cable argues that Count III fails to state a claim on which relief can be granted. (Doc. 62 at 10).  For reasons stated in the Helmsman order, (Doc. 93 at 8-9), the Court agrees.  For those reasons, Cable's motion to dismiss Count III as to it is due to be granted.

### D.  Fraud/Misrepresentation.

The amended complaint alleges that co-defendant Joy Howard was employed by co-defendant Helmsman Management Services, LLC ("Helmsman"), which provided claims management as an "intermediar[y]" for Comcast.  (Doc. 40 at 3, 20-21).  Count IV alleges that Howard "attempt[ed] to defraud" the plaintiff and break him so he would not pursue to the finish his quest for just compensation.  (Doc. 40 at 5).

Cable argues that Count IV fails to plead fraud with the particularity demanded by Rule 9(b).  (Doc. 62 at 12-13).  For reasons stated in the Helmsman order, (Doc. 93 at 9-10), the Court agrees.  For those reasons, Cable's motion to dismiss Count IV as to it is due to be granted.

### E.  Willful/Negligent Hiring, Training and Supervision.

Count V alleges that the defendants were "willfully negligent" in their hiring practices and in not supervising and training employees.  (Doc. 40 at 5-6).  The balance of the amended complaint adds nothing to this skeletal allegation.

Cable argues that Count V fails to state a claim on which relief can be granted. (Doc. 62 at 1-14). For reasons stated in the Helmsman order, (Doc. 93 at 11), the Court agrees. For those reasons, Cable's motion to dismiss Count V as to it is due to be granted.

### F. Fraudulent Billing.

Count VI alleges that Comcast, Cable and other defendants defrauded the plaintiff by "running a fraudulent billing scheme" designed to punish him for seeking redress. (Doc. 40 at 6).

Cable argues that Count VI fails to allege fraud with the particularity required by Rule 9(b). (Doc. 62 at 12-13). For reasons stated in the Comcast order, (Doc. 94 at 12-13), the Court agrees. For those reasons, Cable's motion to dismiss Count VI as to it is due to be granted.

### G. Intentional Infliction of Emotional Distress.

Count VII alleges that all of the defendants utilized their special skills, practices and customs to intentionally inflict emotional distress on the plaintiff. (Doc. 40 at 6). Unlike Count I, Count VII is not limited in scope to a particular incident (the visit from the fictitious defendants). Instead, Count VII appears to rely on all of the amended complaint's allegations regarding the conduct of the various defendants. Because the amended complaint alleges that the Helmsman defendants acted as "intermediaries" and "surrogates" for Comcast and Cable, (*id*. at 3, 4), the Court assumes that Count VII purports to hold Cable responsible for all the conduct alleged in the amended complaint.

Cable argues that the amended complaint fails to allege conduct that is outrageous in character and extreme in degree as required by Alabama law to state a claim for outrage. (Doc. 62 at 12). For reasons stated in the Comcast order, (Doc. 94 at 13-14), the Court agrees. For those reasons, Cable's motion to dismiss Count VII as to it is due to be granted.

**H.  Fraudulent Falsification of Records.**

Count VIII alleges that Comcast, Cable and other defendants "constantly falsified their own internal records and accounts so as to erase any attempts that I made to receive just compensation and to stop the abuses." (Doc. 40 at 7).

Cable argues that Count VIII fails to allege fraud with particularity. (Doc. 62 at 12-13). For reasons stated in the Comcast order, (Doc. 94 at 15), the Court agrees. For those reasons, Cable's motion to dismiss Count VII as to it is due to be granted.

## III.  Leave to Amend.

Cable moves that the claims against it be dismissed with prejudice. (Doc. 62 at 1, 14). For reasons stated in the Comcast order, (Doc. 94 at 15-16), the Court agrees. For those reasons, the dismissal of the plaintiff's claims against Cable will be with prejudice and without leave to amend.

## CONCLUSION

For the reasons set forth above, Cable's motion to dismiss is **granted**. All claims against defendant Comcast Cable Communications, LLC are **dismissed with prejudice**.

DONE and ORDERED this 17th day of July, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
