IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL HENRY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0456-WS-M |
| | ) |
| COMCAST CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to amend the complaint. (Doc. 64). Because the plaintiff has previously filed an amended complaint, (Doc. 40), the Court construes the motion as one for leave to file a second amended complaint. Several defendants have filed responses in opposition to the motion, (Docs. 75, 77, 78), the plaintiff has filed a reply in support, (Doc. 81), and the motion is ripe for resolution.

The plaintiff's original complaint was filed in Alabama state court, where fictitious party practice is recognized. The complaint lists as defendants "two Comcast area supervis[o]rs which arrived together at my home to physically intimidate me." (Doc. 1-1 at 6). The first amended complaint retains this language. (Doc. 40 at 1). The purpose of the plaintiff's motion is to identify one of these fictitious defendants by name. The parties agree that this individual is an Alabama citizen and that allowance of the amendment would require remand pursuant to 28 U.S.C. § 1447(e).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). If joinder is allowed, remand is mandatory. *Ingram v. CSX Transportation, Inc.*, 146

F.3d 858, 862 (11th Cir. 1998). The parties agree that the Court's decision whether to allow joinder under Section 1447(e) is to be guided by the following factors: "(1) the extent to which the amendment's purpose is to defeat federal jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff would be significantly injured if the amendment were disallowed; and (4) other equitable considerations." *Adams v. International Paper Co.*, 2017 WL 1828908 at *3 (S.D. Ala. 2017).

The parties devote most of their attention to an exploration of these factors, but the Court finds it unnecessary to consider them. As the Helmsman defendants point out, (Doc. 75 at 6), amendment may be denied under Rule 15 when amendment would be futile. *E.g., Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1250 (11th Cir. 2016). "This court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall v. United Insurance Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004) (internal quotes omitted). The Helmsman defendants assert that "amendment is futile under Rule 15," (Doc. 75 at 6), and the Court agrees.[1]

As noted, the purpose of the plaintiff's proposed amendment is to identify a fictitious defendant by name. If the amended complaint fails to state a claim against this defendant on which relief can be granted, then a second amended complaint naming the fictitious defendant will still be subject to dismissal for the same reason, rendering the proposed amendment futile.

---

[1] This Court and many others have stated broadly that, when a plaintiff seeks leave to amend in order to add a non-diverse defendant, the "analysis is informed not by the liberal amendment principles of Rule 15(a)(2), but instead by the discretionary provisions of" Section 1447(e). *Adams v. International Paper Co.*, 2017 WL 1828908 at *3 (S.D. Ala. 2017). What these statements mean is that, because Section 1447(e) adds a layer of analysis not required under Rule 15, when that section is implicated a court may not grant leave to amend without ensuring that this analysis favors amendment. They do not mean that a court should ignore Rule 15 when amendment is contra-indicated under that rule. Thus, for example, Chief Judge Blackburn denied amendment as futile under Rule 15 without considering the Section 1447(e) factors, since "consideration of these factors assumes a viable claim against a resident defendant." *Foster v. State Auto Property and Casualty C*o., 2010 WL 11561711 at *3 (N.D. Ala. 2010).

The only conduct in which the fictitious defendants are alleged to have engaged is a visit to the plaintiff's home, which is made the subject of Count I of the amended complaint. (Doc. 40 at 4). The Court has granted the motion of Comcast Corporation to dismiss Count I because the conduct alleged falls well short of that which will support a claim for outrageous conduct under Alabama law. (Doc. 94 at 7-10). Were the plaintiff's proposed amendment allowed, Count I would be immediately subject to dismissal a second time. The proposed amendment is thus futile.

The amended complaint indiscriminately lumps in the two fictitious defendants with the "Comcast defendants." (Doc. 40 at 2). The "Comcast defendants" are the subject of Counts VI and VIII, which allege fraudulent billing and fraudulent falsification of records. (*Id*. at 6, 7). It is obvious from the factual allegations of the amended complaint that the fictitious defendants (who are area supervisors) had nothing to do with this conduct. Even if a contrary position were tenable, the Court has dismissed these counts for failure to plead fraud with particularity, (Doc. 94 at 12-13, 15), and they would again be immediately subject to dismissal were amendment allowed.

Counts II, III, V and VII are pleaded broadly against "the defendants." (Doc. 40 at 4-6). It is clear that the fictitious defendants had nothing to do with the conduct made the basis of those counts (other than their visit to the plaintiff's home, which forms part of the conduct under Count VII). At any rate, the Court has dismissed these counts for failure to state a claim on which relief can be granted, (Doc. 93 at 5-9, 11; Doc. 94 at 13-14), and they would again be immediately subject to dismissal were amendment allowed.

Because the proposed amendment would be futile, the plaintiff's motion for leave to file a second amended complaint is **denied**.

DONE and ORDERED this 17th day of July, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE